STATE OF WEST VIRGINIA *v.* VICTOR BARTASEVICH, *et al.*

(No. 8951)

Submitted September 6, 1939. Decided October 10, 1939.

*Clarence W. Meadows,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for the State.

MAXWELL, JUDGE:

This is a proceeding by the state at the relation of Max DeBerry, prosecuting attorney of Ritchie County, to have certain confiscated liquors adjudged to be contraband and forfeited to the state. In this court there is presented at the instance of the state the question of the correctness of the circuit court's action in sustaining a demurrer to the state's petition and dismissing the same.

These facts appear from the petition: In February, 1936, Victor Bartasevich, while in charge of an eastbound truckload of liquors on a highway in Ritchie County, was placed under arrest and incarcerated, and the truck and liquors were taken in charge by the county officials. Following his conviction before a justice of the peace for unlawful transportation of liquors, the accused appealed to the circuit court. The truck was surrendered by the authorities to a lien creditor, but the liquors were held in custody. In October, 1936, the circuit court, on motion of the then prosecuting attorney of the county, dismissed the appealed case.

In March, 1939, the state, taking the position that the dismissal by the circuit court of the Criminal proceeding against Bartasevich did not operate to release the liquors still detained by the sheriff, filed its petition for adjudication of contraband and forfeiture of the intoxicants.

The parties respondent to the petition are Bartasevich, defendant in the prosecution, R. B. Brogan, of the state of Kentucky, supposed seller or consignor of the liquors, Montebello Distilleries, a corporation of the state of Maryland, alleged by Bartasevich to have been the consignee to whom he was transporting the liquors, and Aaron Winer, an attorney-at-law who claims for professional services rendered Bartasevich an attorney's lien against any lawful interest the latter may have in the property.

No respondent appeared to the petition except Brogan, and he, by counsel,. demurred to the petition, assigning several grounds. These, however, it will not be necessary to consider because Brogan had no right to raise them by demurrer. It was on Brogan's demurrer that the petition was held insufficient and dismissed.

The statute, whereunder the state instituted this proceeding in the circuit court, provides: "Any person claiming to be the owner of such seized property, or to hold a lien thereoñ or have an interest therein, may appear at any time before final judgment of the trial court, and be made a party defendant to the petition so filed, which appearance shall be by answer, under oath, in which shall be clearly set forth the nature of such defendant's claim or interest." Acts of Legislature 1937, Chapter 14, Article 6, Section 21 (6), Michie's Code 1937, 60-6-21 (6). This statute does not authorize the challenge of such petition by a claimant of property sought to be forfeited to the state. Such person's only right, under the statute, is to file an answer, under oath, setting forth the nature of his claim, and, of course, by necessary implication, to undertake to substantiate his claim by proper evidence.

The statute, in authorizing an appearance by a claimant, is merely permissive, but, in respect of what must be done by one who seeks the benefit of the statute, it is clearly mandatory. Its terms are rigid and restrictive with regard to the procedure to be followed. Such claimant must, by sworn answer, set forth the ground of

his claim, else he cannot come in. That is the basis of his right to be heard. The requirement lies at the threshhold of the only corridor of approach. The procedure cannot be relaxed by the courts nor avoided by a claimant. "When a statute is passed authorizing a proceeding which was not allowed by the general law before, and directing the mode in which an act shall be done, the mode pointed out must be strictly pursued. It is the condition on which alone a party can entitle himself to the benefit of the statute, that its directions shall be strictly complied with. Otherwise the steps taken will be void." II Lewis' Sutherland Statutory Construction, sec. 627.

In consequence, we reverse the action of the trial court and remand the case for further proceedings not at variance herewith.

*Reversed and remanded.*